As to validity of pledge or other transfer of corporate stock not made on books of company as against creditors or purchasers, see notes in 67 L. R. A. 656, 20 L. R. A. (N. S.) 996, 27 L. R. A. (N. S.) 987.

On Rev. Code 1919, Sec. 2492, see Annotations Kerr's Cyc. Code 1920, Code Civ. Pro., Sec. 592.

---

JOHNSON, Plaintiff, v. JONES, State Auditor, Defendant.

(207 N. W. 550,)

(File No. 6048.   Opinion filed March 5, 1926.)

1.   **States—Rural Credit Board—Statute Authorizing Employment of Assistants by Rural Credit Board Has No Application to Counsel (Laws 1925, c. 266, Sec. 3, subds [k], [l]).**

Laws 1925, c. 266, Sec. 3, subd. (k), authorizing employment of assistants by rural credit board, has no application to legal services provided for by subdivison (y).

2.   **Statutes—Rural Credit Board—Constitutional Law—Provision of Statute Authorizing Employment of Counsel by Rural Credit Board Held Invalid as Not Embrased in Title (Laws 1925, c. 266, Sec. 3, subd. [l]; Const. art. 3, Sec. 21),**

Laws 1925, c. 266, Sec. 3, subd. (l), authorizing employment of counsel by rural credit board, is invalid under Const. art. 3, Sec. 21, as not expressed in restrictive title of act which gives no notice of change in powers or duties of Attorney General.

Dillon, J., dissenting.

Original proceeding in mandamus by Julius H. Johnson to compel Edward A. Jones, as State Auditor, to issue to the plaintiff a warrant on the state treasurer.   Writ denied.

*Lydia B. Johnson,* of Pierre, for Plaintiff.

*Buell F. Jones,* Attorney General and *E. D. Roberts,* Assistant Attorney General, for defendant.

POLLEY, J.   This is an original proceeding in mandamus against the defendant, as state auditor, to compel defendant to issue plaintiff a warrant on the state treasurer in payment for certain legal services alleged to have been performed by plaintiff for the rural credit board.

It is alleged in the alternative writ that during the whole month of July, 1925, plaintiff was employed as "attorney and assistant to the rural credit board;" that on the 1st day of August he presented to defendant, as state auditor, a voucher for such service, and requested that defendant issue to him a warrant on the state treasurer for the amount named in such voucher; that defendant refused to issue such warrant, giving as his reason therefor that the said voucher had not been approved by the Attorney General, and that he had not received pay for the services so rendered.

Just what plaintiff means by his allegation that he was employed "as assistant to the rural credit board" is not made clear by anything found in his pleadings or in his brief. In the alternative writ plaintiff alleges that the rural credit board has a very large amount of legal business requiring the services of an attorney not only in matters of litigation pending, but also in the routine matters requiring the assistance and service of said attorney. From this we understand that plaintiff claims to have been performing legal services for the board, and that it is for such legal services only that he is seeking to recover in this proceeding, and it is upon this theory that this opinion is written.

[1] Plaintiff claims that his employment by the rural credit board is authorized by sub-divisions (k) and (1) of section 3 of chapter 266, Laws of 1925. These subdivisions read as follows:

"(k)  To employ such assistants as shall be necessary to effectually carry out the provisions of this act."

"(1)  To employ and fix the compensation of such legal counsel as shall be necessary to prosecute, enforce and protect the rights of the state."

Subdivision (k) in no wise pertains to legal services, and will be given no further consideration in this case, and any rights that plaintiff may have must arise under the provisions of subdivision (1).

Defendant contends that subdivision (1) violates the provisions of the Constitution in two particulars: First, that it conflicts with section 21 of article 3, in that the subject of said subdivision is not expressed in nor germane to the title to said chapter 266; and, second, that it is an attempt to change and diminish the constitutional duties and powers of the Attorney General.

[2] The title to chapter 266 was the subject of discussion in the Opinion of the Judges of this court filed on the 1st day of July, 1925, 48 S. D. 375, 204 N. W. 905. It was pointed out in that opinion that the title undertakes to enumerate the matters embraced in the body of the act, and is therefore a restrictive title. Twelve seperate items are set out in the title, but none of these items comprehends the matter contained in subdivision (1) of section 3. The purpose of having the subject of a law expressed in the title is too well understood to warrant further discussion or to justify or require the citation of authority. There is nothing in the title to chapter 266 to indicate or give notice that the law contains anything that changes, or attempts to change or affect, the powers or duties of the Attorney General, and for that reason the provisions of subdivision (1) are invalid, and it is not necessary to give consideration to the second proposition.

The writ prayed for will be denied.

DILLON, J. (dissenting). I think the Attorney General must be held to be the head of the legal department of this state.

I contend that the salary check should be paid. The voucher has been authorized by the entire rural credit board for services that it has accepted from plaintiff. There is no issue between the plaintiff and defendant over any part of the legal services rendered by the plaintiff, and such services must, therefore, be presumed to have been satisfactory.